**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**

| | | |
|---|---|---|
| Courtney Harris, | ) | Cr. No. 6:02-599 |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | **ORDER AND OPINION** |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Movant Courtney Harris ("Movant"), proceeding *pro se*, seeks to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

### I. PROCEDURAL BACKGROUND

On August 28, 2002, a grand jury in the District of South Carolina returned a six-count superseding indictment against Movant and a co-defendant. Movant was charged with conspiracy to possess with intent to distribute cocaine and five grams or more of cocaine base (Count 1); distributing five grams or more of cocaine base (Counts 2 and 3); knowingly using and carrying firearms during and in relation to, and in furtherance of, a drug trafficking crime (Count 4); and being a felon in possession of a firearm (Count 5). ECF No. 36. On October 31, 2002, Movant entered a plea of guilty to Counts 1 and 4 of the superseding indictment. ECF Nos. 58-59. On March 10, 2003, Movant was sentenced to 64 months imprisonment as to Count 1 and 60 months imprisonment as to Count 4. ECF No. 72. The terms were to be served consecutively. ECF No. 72. Judgment was entered on March 20, 2003. ECF No. 75. An amended judgment was entered on July 22, 2008, based upon the retroactive application of changes to the United States Sentencing Guidelines. The amended judgment reduced Movant's sentence to imprisonment for 51 months as to Count 1 and 60 months, consecutive, as to Count 4. ECF No. 110. Another amended judgment

was entered on November 8, 2011, based upon the retroactive application of changes to the United States Sentencing Guidelines. The amended judgment reduced Movant's sentence to 37 months imprisonment as to Count 1, and 60 months, consecutive, as to Count 4. ECF No. 127.

Subsequently, Movant filed a motion to appoint counsel seeking relief pursuant to *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011). ECF No. 128. This court denied Movant's motion because the Court of Appeals for the Fourth Circuit determined that *Simmons* is not retroactively applicable to cases on collateral review in *United States v. Powell*, 691 F.3d 554 (4th Cir. 2012). ECF No. 129.

Movant filed this § 2255 motion on December 20, 2012. ECF No. 131. On January 22, 2013, the Government filed a motion for summary judgment. ECF No. 135. That same day, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court issued an order advising Movant of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. ECF No. 136. On February 25, 2013, Movant filed two responses. ECF Nos. 138-139. Movant has also filed two subsequent responses to the Government's motion for summary judgment. ECF Nos. 140-141.

## II. DISCUSSION

Movant asserts that *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), and *Bond v. United States*, 131 S. Ct. 2355 (2011), constitute newly discovered evidence that would permit him to file this motion. Movant alleges that this court was without jurisdiction to sentence him. ECF No. 131 at 5, 7. Movant also asserts that he is "legally and factually innocent of any and all federal crimes. . . as applied to him." ECF No. 131 at 8. The Government contends that Movant's § 2255 motion is time-barred. ECF No. 134. The court agrees.

A defendant has one year from the latest of (1) the date on which a judgment of conviction becomes final; (2) the date on which an impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the defendant was prevented from making a motion by such governmental action; (3) the date on which a right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

A judgment of conviction becomes final when the time for seeking review expires. *Clay v. United States*, 537 U.S. 522, 525 (2003). Here, this court issued its judgment in this case on March 20, 2003. ECF No. 75. Following the entry of judgment, Movant had 14 days to file an appeal with the United States Court of Appeals for the Fourth Circuit. Fed. R. App. P. 4(b)(1). The statute of limitations began to run when the time expired for filing an appeal with the Fourth Circuit contesting Movant's convictions and sentence. Movant did not file an appeal. As a result, the judgment in this case became final in April of 2003. Movant's December 20, 2012, filing was not within one year of the date on which his judgment of conviction became final. Therefore, his motion to vacate is not timely under § 2255(f)(1).

Movant is unable to demonstrate that one of the other dates listed under § 2255(f) occurred within one year of his December 20, 2012 filing. Movant does not assert that he was prevented from filing a § 2255 motion due to governmental interference. *See* 28 U.S.C. § 2255(f)(2). There is also no evidence to suggest that governmental interference prevented the filing of Movant's § 2255 motion. Therefore, Movant's motion to vacate is not timely under § 2255 (f)(2).

3

Additionally, Movant cannot demonstrate that there is a Supreme Court decision recognizing a new right that renders his motion timely. *See* 28 U.S.C. § 2255(f)(2), (3). Movant has referred to *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), and *Bond v. United States*, 131 S. Ct. 2355 (2011), as "newly discovered evidence" in an attempt to demonstrate that the Supreme Court has recognized a new right retroactively applicable to cases on collateral review. However, Movant's reliance on *Bond* and *Simmons* is mistaken.

*Simmons* was an application of *Carachuri-Rosendo v. Holder*, 560 U.S. 563 (2010). The Fourth Circuit held that the United States Supreme Court's decision in *Carachuri–Rosendo* does not apply retroactively to cases on collateral review. *United States v. Powell*, 691 F.3d 554 (4th Cir. 2012). Subsequently, the Fourth Circuit recognized that in certain cases, *Simmons* may be retroactively applicable on collateral review. *See Miller v. United States*, 735 F.3d 141, 146-47 (4th Cir. 2013). However, in *Miller*, unlike in *Powell*, the Government waived the statute of limitations, "which would normally bar Miller's motion as untimely." *Id*. at 143. Here, the Government has made no such waiver and explicitly invokes the statute of limitations. ECF No. 134 at 3. Thus, as in *Powell*, the retroactivity of *Simmons* is irrelevant because Movant's § 2255 petition can "be sustained only by a retroactive Supreme Court decision." *Miller*, 735 F.3d at 147. Because the Government has not waived its statute of limitations defense and because *Simmons* is not a United States Supreme Court case, the statute of limitations under § 2255(f)(3) runs from June 14, 2010—the date of the Supreme Court's decision in *Carachuri-Rosendo*. *See, e.g.*, *Anderson v. United States*, 5:05-cr-70–BO, 2013 WL 6504764 (E.D.N.C. Dec. 11, 2013). Therefore , Movant's reliance on *Simmons* cannot render this motion to vacate timely.

4

Movant also relies *Bond v. United States*, 131 S. Ct. 2355 (2011), in an attempt to bring his motion to vacate within the statute of limitations. As a threshold matter, even if *Bond* were applicable here, Movant's motion would still be untimely. *Bond* was decided on June 16, 2011. Pursuant to § 2255(f)(3), if *Bond* recognized a new right that is retroactively applicable to cases on collateral review, Movant had one year from the initial recognition of that new right to file his § 2255 petition. Movant did not file his motion until December 20, 2012, which was about six months after the expiration of the statute of limitations. Thus, Movant's reliance on *Bond* cannot render his § 2255 motion timely.

At any rate, the Supreme Court's decision is inapplicable here. In *Bond*, the Supreme Court merely held that a defendant had standing to contest the validity of a federal statute on the basis that "Congress exceeded its powers under the Constitution, thus intruding upon the sovereignty and authority of the States." *Bond*, 131 S. Ct. at 2360. In *Bond*, the petitioner argued that the conduct for which she was convicted in federal court was local in nature and should be left for local authorities to prosecute. *Id.* at 2367. Specifically, she argued that the statute she was indicted under was beyond Congress' constitutional authority to enact. *Id.* at 2361. The Court of Appeals for the Third Circuit held that the petitioner did not have standing to challenge the statute. *Id.* The Supreme Court reversed. *Id.* at 2367. In order for *Bond* to render Movant's motion to vacate timely, the *Bond* decision would have to announce a new rule that could be retroactively applicable to Movant. *See Teague v. Lane*, 489 U.S. 288, 300-01 (1989). Generally, "a case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final." *Id.* at 301. The *Bond* court specifically indicated that "there [was] no basis in precedent or principle to deny petitioner's standing to raise her claims." *Bond*, 131 S. Ct. at 2367.

Thus, the *Bond* court did not announce a new rule since the decision was dictated by precedent already in existence. Therefore, Movant cannot rely on *Bond* to render his motion to vacate timely pursuant to § 2255(f)(3).

Further, Movant has cited no new facts discovered to support his claim, only purported changes in the law. *See* 28 U.S.C. § 2255(f)(4); *Whiteside v. United States,* 775 F.3d 180, 184 (4th Cir. 2014) (holding that *Simmons* announced a "generally applicable legal rule" changing "the legal significance of certain facts without modifying them" and does not qualify as a new fact under § 2255(f)(4)); *see also, e.g.*, *United States v. Anderson*, Cr. No. 3:05-179-CMC, 2010 WL 4721135 at *1 (D.S.C. Nov. 15, 2010) ("The limitation provided for in § 2255(f)(4) goes to newly discovered facts or evidence, not (even assuming its applicability) a change in the law."). Thus, Movant cannot demonstrate that his motion to vacate is timely pursuant to 2255(f)(4).

Finally, the court does not find that Movant's untimely filing is saved by the doctrine of equitable tolling. An otherwise time-barred movant is entitled to equitable tolling in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party." *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002). A movant must show that (1) he has pursued his rights diligently, and (2) some extraordinary circumstance precluded a timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Movant has cited no extraordinary circumstance that explains his untimely § 2255 motion. *See Whiteside*, 775 F.3d at 186 (concluding that where "the only impediment to timely filing was the discouragement felt by petitioner when calculating the odds of success" in the pre-*Simmons* legal landscape equitable tolling was unavailable). Movant only indicates that he failed to file a motion to vacate because the case law on which he relies was not available at the time of his sentencing.

ECF No. 139 at 2. However, Movant also indicates that his "claims are jurisdictional in nature." ECF No. 139 at 2. Specifically, Movant claims that this court exceeded its authority under the Ninth Amendment; this court was without jurisdiction to impose Movant's sentence; and that Movant is "factually and legally innocent of any and all federal crimes. . . as applied to him or his conduct." ECF No. 131 at 5, 7-8. Neither *Simmons* nor *Bond*, upon which Movant relies, issued a new rule regarding this court's jurisdiction to sentence Movant or changed the factual landscape such that Movant's "factual innocence" was affected by those rulings. Accordingly, the claims that Movant raises in this motion to vacate could have been raised on direct appeal or in a post-conviction proceeding at an earlier date. Movant did not pursue the rights he alleges were violated, and there is no evidence that an extraordinary circumstance impeded Movant's ability to assert those rights in a timely motion to vacate.

Accordingly, Movant's § 2255 motion is time-barred.

### III. CONCLUSION

For these reasons, Movant's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, ECF No. 131, is **DENIED**. The Government's motion for summary judgment, ECF No. 135, is **GRANTED**.

### CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise

debatable. *Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Rose v. Lee*, 252 F.3d 676, 683–84 (4th Cir. 2001). The court concludes that Movant has not made the requisite showing. Accordingly, the court **DENIES** a certificate of appealability.

  **IT IS SO ORDERED.**

/s/  Margaret  B.  Seymour
Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina
June 24, 2015